GARDEN, JUDGE:
The admitted operative facts as set forth in the verified Notice of Claim reflect that on June 12, 1977, one Ronald Lee *47 Young was employed by the respondent as Assistant Superintendent of the Panther State Park located at Panther, McDowell County, West Virginia. On that date, Young, in the performance of his official duties, became involved in an altercation with one Mack Lee Birchfield. As a result, Birch-field was shot by Young, necessitating the amputation of the middle finger of Birchfield’s left hand.
Thereafter, on July 26, 1978, Birchfield filed a civil action in the Circuit Court of McDowell County against Young and the respondent herein, seeking compensatory damages in the amount of $25,000.00, and punitive damages in the amount of $5,000.00. Robert D. Pollitt, Assistant Attorney General, appeared on behalf of the defendants, and, prior to trial, was successful in having the respondent herein dismissed as a party defendant in the civil action. At that point, Mr. Pollitt determined that it would be improper for him to continue his representation of Young, in view of the dismissal of the State agency from the civil action.
Mr. Pollitt thereupon contacted the claimants, who agreed to represent Young, with the understanding that their fee and expenses would be paid by the respondent. The claimants proceeded to take the necessary steps to prepare their client’s defense, and the case was tried to a jury over a period of two days in August of 1980. The jury returned a verdict in favor of the defendant Young. Claimants then submitted a statement for services rendered and expenses in a total amount of $3,593.00, but payment was not made, resulting in the filing of the claim in this Court.
The respondent, in its Answer,, admitted the allegations of the Notice of Claim, but alleged that it was uninformed regarding the amount of time spent by the claimants in representing Young, and the value of the legal services. The Answer called upon the claimants to submit strict proof of said services. Claimant Brumfield, at the hearing, offered as an exhibit a three-page itemization of the services rendered, which reflected a total of 32 1/4 hours of “out-of-court time” at an hourly rate of $60.00, and 16 hours of “in-court time” at an hourly rate of $100.00, for a total fee of $3,535.00. The exhibit *48 further indicated that expenses in an amount of $58.00 were incurred. On cross-examination, claimant Brumfield testified that, in his opinion, the hourly charges were reasonable and in keeping with the charges of other attorneys in McDowell County.
Considering the amount of time devoted to the defense of the case, the responsibility assumed, the intricacies of the work involved, and, most importantly, the results attained, this Court is of the opinion that the fee charged was more than reasonable, and an award is thus made in favor of the claimants in the amount of $3,593.00.
Award of $3,593.00.